## MAISCH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.　October 12, 1909.)

1. Courts (§ 189*)—Municipal Court of New York—Indorsement of Cause of Action on Summons—Sufficiency.

Where a sheet of paper attached to a summons in the Municipal Court contained among other things the heading "Proceedings on Return of Summons," and the·word "Complaint" followed by the written words "Damages to personal property," there was an indorsement on the summons of the oral complaint within Municipal Court Act (Laws 1902, p. 1535, c. 580) § 145, subd. 1.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. Courts (§ 190*)—Municipal Court of New York—Appeal—Presumptions.

Where there was no evidence what, if any, entry was made in the docket book of the Municipal Court as to the substance of the oral complaint, as required by Municipal Court Act (Laws 1902, p. 1535, c. 580) § 145, subd. 1, the court on appeal must presume in support of the judgment that a proper entry had been made.

· [Ed. Note.—For other cases, see Courts, Cent. Dig. § 3379½ ; Dec. Dig. § 190.*]

3. Courts (§ 189*) — Municipal Court of New York — Pleading — Amendments—Proof.

Where the parties in an action in the Municipal Court against the city of New York for damages to personal property by the overflow of a sewer stipulated in the record that notice of the claim had been served more than 30 days before the commencement of the action, as required by·Greater New York Charter (Laws 1901, p. 114, c. 466) § 261, the defect in the complaint failing to allege service of notice could be cured by an amendment in the Municipal Court so as to conform to the proof as authorized by Municipal Court Act (Laws 1902, p. 1542, c. 580) § 166.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

4. Courts (§ 190*)—Municipal Court of New York—Appeal—Pleadings—Amendments.

Where the Municipal Court could have allowed an amendment to the complaint so as to make it conform to the proof, the court on appeal may, under Municipal Court Act (Laws 1902, p. 1496, c. 580) § 20, and Code Civ. Proc. § 2944, amend it if necessary to·sustain the judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

5. Courts (§ 189*) — Municipal Court of New York — Judgment — Entry — Amendment.

Under Municipal Court Act (Laws 1902, p. 1489, c. 580).§ 1, subd. 19, and section 20, authorizing the court to amend a.judgment, etc., the Municipal Court may grant a motion to amend the date of the entry of judgment so as to make its date subsequent to the decision on the·motion for new trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

6. Courts (§ 189*)—Municipal Court of New York—Judgment—Amendment—Time to Move.

Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, providing that a motion to amend a judgment must be made within 5 days from the time of its rendition, applies to motions made under section 1, subd. 19, and section 20, to amend the date of the entry of a judgment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig: § 189.*]

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court of New York.

Action by Rudolph Maisch against the City of New York. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. From an order correcting the date of entry of judgment, plaintiff appeals. Affirmed.

See 127 App. Div. 424, 111 N. Y. Supp. 645.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

H. C. Underhill, for appellant.

Francis K. Pendleton, for respondent.

BURR, J. This action was brought in the Municipal Court to recover damages to personal property by reason of the overflow of a sewer. The pleadings were oral. After the jury had been impaneled and counsel for plaintiff had opened his case and a witness had been sworn, and while he was being examined, the corporation counsel interrupted the examination and stated:

"I move to dismiss this action on the ground that there is no complaint indorsed on the summons or the docket of this court as required by section 145 of the Municipal Court act."

The motion was denied and an exception taken. Section 145 of the Municipal Court act provides, among other things (subdivision 1):

"Where the action is commenced by the service of a summons only, the pleadings may be oral, and the substance thereof shall be endorsed upon the summons and entered in the docket book of the court."

As appears from the return, a sheet of paper was attached to the summons, with printed forms thereon, suitable to be filled up and used under various circumstances, as when the action was tried before a jury and verdict rendered for the plaintiff, or when a judgment of discontinuance was entered, or when a judgment on inquest was rendered for the plaintiff, or when a judgment was rendered for the defendant dismissing the complaint without prejudice, on defendant's motion, at the close of plaintiff's case, or where judgment was rendered after trial on the merits. On the back of this was another printed form headed, "Proceedings on Return of Summons," which contained, among other things, the word "Complaint." Following this were the written words "Damages to personal property." This was an indorsement upon the summons within the meaning of the section of the Municipal Court act above referred to. Thurman v. Cameron, 24 Wend. 87. The words, "damages to personal property," was a statement of the substance of the complaint, with the meaning of the act. The defendant asked for and obtained a bill of particulars before proceeding to trial, so that he was fully advised as to the cause, nature, and extent of plaintiff's claim. There is no evidence as to what, if any, entry was made in the docket book of the court as to the substance of the complaint, and every intendment must therefore be in support of the judgment.

The motion to dismiss the complaint upon this ground having been denied, the corporation counsel thereupon moved to dismiss the complaint "on the ground that it does not state facts sufficient to estab-

lish a cause of action, and, further, that the complaint does not comply with section 261 of the charter." This section provides that:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

The pleadings having been oral, it does not appear what, if any, statement was made respecting the plaintiff's cause of action. No defect was specified as a ground of the motion except the failure to allege in the complaint compliance with the provisions of the section of the charter above quoted. But the parties had already stipulated upon the record at the commencement of the trial that the notice of claim in the action was served on the Comptroller on the 20th day of January, 1905, and that the notice of intention to sue was served on the corporation counsel on the same day; and it appears that the summons was served on the 4th day of December, 1908. If the complaint was originally defective in respect to the allegation of service of notice on the Comptroller and the expiration of the time required before commencing suit, it could have been amended in the Municipal Court to conform to the proof already in the case (Municipal Court Act, § 166), and it may now be amended if necessary to sustain the judgment (Municipal Court Act, § 20; Code Civ. Proc. § 2944; Runge v. Esau, 6 Misc. Rep. 147, 26 N. Y. Supp. 33).

The judgment of the Municipal Court and the order denying the motion for a new trial should be affirmed, with costs to the plaintiff respondent.

The plaintiff also appeals from an order of the Municipal Court correcting the date of the entry of the judgment. At the close of the trial, which was held on the 29th of January, 1909, and after the jury had rendered a verdict in favor of the plaintiff, the defendant made a motion for a new trial on the ground that the verdict was contrary to the law and against the weight of the evidence, and upon all the grounds contained in section 999 of the Code of Civil Procedure, and section 254 of the Municipal Court act. The Municipal Court justice reserved his decision upon the said motion. On the 4th day of March he made his decision, denying such motion. Notwithstanding the pendency of the said motion, immediately after the rendition of the verdict and on the 29th day of January, 1909, the clerk of the Municipal Court entered judgment in favor of the plaintiff and against the defendant. After the decision of the motion for a new trial, the learned corporation counsel for the first time discovered that such judgment had been entered, and immediately moved to amend the same as to the date of its entry. This motion was granted, and from the order granting it the plaintiff appeals.

It was within the power of the Municipal Court to grant the relief asked for. Municipal Court Act, § 1, subd. 19; Id. § 20. It was in the interest of justice that the date of the entry of the judgment should be corrected. It was improperly entered while the motion for a new

trial was pending, and, unless corrected, the defendant's time to appeal from the judgment would have expired. The provision of section 254 of the Municipal Court act that a motion to amend a judgment must be made within five days from the time the judgment was rendered applies to motions made under the provisions of that section.

The order appealed from should be affirmed, with costs to the defendant respondent. All concur.