STODDER v. NEW ENGLAND NAVIGATION CO.

(Supreme Court, Appellate Division, Second Department.   October 12, 1909.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—MOTION TO DISMISS COMPLAINT OR SET ASIDE VERDICT.

   The Municipal Court is without power after the entry of judgment on the verdict to grant a motion to dismiss the complaint or set aside the verdict.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. COURTS (§ 188\*)—MUNICIPAL COURTS—POWERS.**

The jurisdiction of the Municipal Court is purely statutory, and its proceedings must be based on authority expressly given or at least inferable from the statutes.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.\*]

**3. COURTS (§ 189\*)—MUNICIPAL COURTS—SETTING ASIDE VERDICT OR JUDGMENT —POWERS.**

The only authority possessed by the Municipal Court to set aside a verdict or judgment is that conferred by Municipal Court Act (Laws 1902, p. 1489, c. 580) § 1, subd. 19, authorizing the court to set aside a verdict, and by section 254, prescribing the grounds of a motion to set aside a verdict, and requiring that the order setting it aside award a new trial, and set the case down for a trial at a time specified.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.\*]

Appeal from Municipal Court of New York.

Action by William F. Stodder against the New England Navigation Company. From a judgment entered on an order of the Municipal Court vacating and setting aside the verdict for plaintiff, and from such order, plaintiff appeals. Reversed, and verdict and judgment for plaintiff reinstated.

See 116 N. Y. Supp. 1149.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

John Macgregor, for appellant.
William L. Barnett, for respondent.

RICH, J. The action was brought to recover damages alleged to have been sustained through the negligence of the defendant as a common carrier of passengers. The plaintiff was a passenger upon a steamboat owned and operated by the defendant. He was injured by falling over an unguarded hatch on the unlighted forward deck of the vessel. The evidence was sufficient to make the issue of defendant's negligence and plaintiff's freedom from negligence contributing to his injury questions of fact for the jury. At the close of the evidence counsel for the defendant moved to dismiss the complaint upon the grounds that there was no proof of negligence on the part of defendant, and that plaintiff was shown guilty of contributory negligence. The trial court reserved decision on this motion "until a motion be made for a new trial, if it be considered necessary." The questions of fact were submitted to the jury in a charge of which the defendant cannot justly complain, and a verdict was rendered for the plaintiff, whereupon counsel for the defendant renewed his motion to dismiss, and also moved to vacate and set aside the verdict as being contrary to the evidence, contrary to law, excessive, and against the weight of evidence. The record shows that judgment was rendered on the verdict in favor of the plaintiff for $250 damages, $2 costs and $24.50 disbursements—in all $276.50. Eighteen days later the justice who presided at the trial of the case indorsed upon the record:

"Motion to dismiss case at close of all the evidence granted; also motion to set aside verdict. Judgment also vacated and set aside."

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

After judgment was entered on the verdict, the trial court was without power to grant a motion to dismiss the complaint or to set aside the verdict. No motion is shown to have been made to vacate and set aside the judgment. The motion to vacate and set aside the verdict was made before the entry of judgment, and the record contains no further proceedings connected with the action, with the exception of the indorsement or order made by the court, and the entry of the judgment appealed from. After the rendition and entry of judgment, no question remained before the court. The questions of fact involved were submitted under a charge free from error. The verdict was not against the weight of the evidence. The judgment was properly entered, and it must be reinstated. The Municipal Court has no inherent powers. Its jurisdiction is purely statutory, and its proceedings must be based upon authority expressly given, or at least inferable from the statute. The only authority to vacate and set aside a verdict or judgment is contained in subdivision 19 of section 1, and in section 254 of the Municipal Court act, which sections must be read together. The latter requires that the order must award a new trial and set the case down for trial for a time to be specified therein. This has not been done, and the judgment entered thereon was unauthorized. Dixon v. Carrucci, 53 Misc. Rep. 271, 103 N. Y. Supp. 117; Wolchock v. Tombarelli, 32 Misc. Rep. 694, 66 N. Y. Supp. 504; Murphy v. Joline, 62 Misc. Rep. 461, 115 N. Y. Supp. 108.

Upon both of these grounds the judgment and order of the Municipal Court is reversed, and the verdict and judgment in favor of the plaintiff reinstated, with costs to the appellant. All concur.