(136 App. Div. 871.)

ARKER v. COHEN et al.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. COURTS (§ 189*) — NEW YORK MUNICIPAL COURT — NEW TRIAL AFTER JUDG-
MENT.

Municipal Court Act (Laws 1902, c. 580) § 20, makes the provisions of the Code of Civil Procedure applicable to the Municipal Court, so far as applicable and not in conflict with the provisions of the act. Code Civ. Proc. § 999, authorizes a motion at the same term to set aside the verdict and grant a new trial upon exceptions, or because the verdict is contrary to the evidence and law, etc. Section 1005 provides that entry of final judgment is not stayed by motion for new trial, unless a stay order is procured and served, and does not prejudice a subsequent motion for new trial. Municipal Court Act, § 254, permits a motion to set aside a verdict and vacate a judgment rendered thereon to be made upon exceptions, or because the verdict is contrary to law, etc., and permits the trial judge to make an order setting aside the verdict, or vacating a judgment, and awarding a new trial. *Held*, that under either section 1005 or section 254, the Municipal Court could decide a motion for new trial after entry of judgment, and vacate the judgment upon granting a new trial.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—NEW TRIAL—NECESSITY OF
FORMAL ORDER.

In the Municipal Court a formal order is necessary to set aside the verdict and order a new trial, and vacate a judgment entered on the verdict.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. NEW TRIAL (§ 163*)—PROCEEDINGS—HEARING OF MOTION.

Defendant moved to set aside the verdict for plaintiff and for a new trial on the ground that it was against the weight of the evidence, and on all grounds specified in Code Civ. Proc. § 999, and Municipal Court Act (Laws 1902, c. 580) § 254, which motion the court orally denied, whereupon defendant moved to set aside the verdict because it was irregular, informal, etc., when the court stated that decision on the latter ground was reserved, and that he would hear the parties "on all matters" on a day named. On that day the court made an order reciting a motion to set aside the verdict as against the weight of the evidence upon the ground stated in section 254, and vacated the judgment and ordered a new trial. *Held*, that the court intended to consider all the grounds of new trial urged in both motions therefor, and to reconsider the grounds in the first motion, which was orally denied.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 163.*]

4. COURTS (§ 189*)—NEW YORK MUNICIPAL COURT—JURY—OATH—WAIVER.

Failure to swear the jury in a trial in a court of record is an irregularity which is waived by failure to object to proceedings with the trial, and hence would be likewise waived in a trial in the Municipal Court under Municipal Court Act (Laws 1902, c. 580) § 240, providing that the con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

duct of the trial in the Municipal Court is governed by the same rules pre-. vailing in a court of record.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

5. EVIDENCE (§ 271*)—DECLARATIONS—SELF-SERVING DECLARATIONS—ABSENCE OF PARTY.

Self-serving declarations of plaintiff, made against defendant in his absence, are incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

6. APPEAL AND ERROR (§ 204*)—PRESENTATION BELOW—OBJECTIONS—ADMISSION OF EVIDENCE.

Error in admitting incompetent evidence will not be considered on appeal, where no objection or exceptions were taken below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–1280; Dec. Dig. § 204.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Isaac Arker against Louis S. Cohen and another From an order vacating a judgment for plaintiff and granting a new trial, and an order denying a motion to vacate the former order, plaintiff appeals. . Affirmed.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Horace London, for appellant.

Isidore Goetz, for respondent Rich.

CARR, J. On a trial between the parties to this action in the Municipal Court in the borough of Brooklyn, the jury rendered a verdict for the plaintiff in the sum of $400. On the coming in of the verdict the defendant moved to set aside the verdict and for a new trial, "on the ground that it is against the weight of evidence and on all the grounds specified in section 999 of the Code of Civil Procedure and section 254 of the Municipal Court act" (Laws 1902, c. 580). The record shows that the court then denied the motion orally. The defendant thereupon immediately made a further motion as follows:

"I also move to set aside the verdict because it is irregular, improper in form, and cannot stand, because the jury in this case had not been sworn."

To which the court replied as follows:

"Decision reserved on the latter ground, and I will hear the parties on all matters next Thursday, October 21st."

On the adjourned date the court heard the argument of the respective counsel and made an order, dated November 1, 1909, which recited a motion as having been made to set aside the verdict "on the ground that said verdict was rendered against the weight of evidence and contrary to the evidence and upon all the grounds stated in section 254 of the Municipal Court act," and which provided that the judgment herein entered on October 15, 1909, be vacated and set aside, and ordered a new trial on a specified date. The plaintiff moved subsequently to vacate this order as being without jurisdiction, which mo-

tion was denied. From the order vacating the judgment and granting a new trial, and from the later order denying the motion to vacate the order granting a new trial, the plaintiff now appeals to this court.

He asks for a reversal of the orders specified on various grounds. It is insisted that, as judgment had been entered in favor of the plaintiff pending the determination of the motion for a new trial, the Municipal Court was without power to set aside the verdict and grant a new trial, and he cites in support of that proposition the decision of this court in Stodder v. New England Navigation Co., 134 App. Div. 221, 118 N. Y. Supp. 844. That case, rightly understood, is not an authority for his contention. By section 20 of the Municipal Court act:

"The provisions of the Code of Civil Procedure * * * shall apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act."

When a motion for a new trial is made under section 999 of the Code of Civil Procedure, entry of judgment is not stayed until the decision of the motion, unless an order for a stay is granted; but the entry of the judgment does not deprive the court of power to decide the motion for a new trial and to vacate the judgment if a new trial be ordered (Code, § 1005). A rational interpretation of section 254 of the Municipal Court act produces the same result. But where a new trial is ordered, and a judgment vacated, it must be done by formal order of the court. In the case of Stodder v. New England Navigation Co., ut supra, no formal order granting the motion for a new trial and vacating the judgment was made. There the court assumed not to grant a new trial, but to dismiss the complaint on a motion made before the rendition of the verdict. Its attempt to set the verdict aside and to vacate the judgment entered in the meantime on the verdict of the jury was not for the purpose of a new trial, but solely as incidental to an attempt to dismiss the complaint after a verdict and entry of judgment thereon. It was held on appeal by this court that under those circumstances the Municipal Court acted beyond its statutory authority. Here, however, the question presented is different. Maisch v. City of New York, 134 App. Div. 201, 118 N. Y. Supp. 908.

It may be urged that the record here shows that the court had orally denied the motion for a new trial under section 254 of the Municipal Court act; but it likewise shows that, when the motion was immediately renewed on a specification of claimed error, he reserved his decision on the motion and declared that he would hear the parties on "all matters" on a specified day. It is quite apparent that the trial court intended to rehear and reconsider the whole question of a motion for a new trial, involving all its aspects. It is true that among the grounds urged for a new trial was one that the jury had not been sworn. It does not appear, however, that the motion for a new trial was granted on that ground. Doubtless that specific ground alone would be insufficient to sustain the order. By section 240 of the Municipal Court act the conduct of a trial in that court is governed by the same rules as prevail in a court of record, and the failure to object to proceeding

with the trial because of a failure to swear the jury would be deemed a waiver of what is,. at most, an irregularity in a court of record. Cahill v. Delaney (Co. Ct.) 68 N. Y. Supp. 842, and cases cited.

As to the propriety of the action of the trial court in setting aside the verdict as against the weight of evidence, another question arises. We have but recently expressed our opinion as to the condition of the proof which should justify interference on our part with the discretion of the trial court. Azzarra v. Nassau Electric R. Co., 134 App. Div. 167, 118 N. Y. Supp. 830. After a careful examination of the record before us, we feel that we should not be justified in overruling in this case the discretion exercised by the trial court in granting a new trial.

The record itself discloses considerable testimony on the part of the witness Cohen which was incompetent against the defendant Rich, as it consisted of self-serving declarations made by the plaintiff against · Rich in his absence. This testimony was elicited by questions of the court itself; but, as there were no objections nor exceptions, we do not consider it in arriving at our conclusions on this appeal.

The orders appealed from are affirmed, with costs. All concur.