ISAAC ARKER, Appellant, v. LOUIS S. COHEN and MAURICE B. RICH, Respondents.

Second Department, March 31, 1910.

Court — Municipal Court, city of New York — power to grant new trial after judgment — practice — failure to swear jurors — waiver of irregularity — evidence — self-serving declarations.

A motion for a new trial in the Municipal Court of the city of New York does not stay the entry of judgment until the decision of the motion unless a stay be granted, but, as in the Supreme Court, entry of judgment does not deprive the court of the power to decide the motion for a new trial and to vacate the judgment if a new trial be ordered.

Where a new trial is ordered, and the judgment vacated, it must be done by formal order.

In the Municipal Court, as in the Supreme Court, a failure to swear the jury is a mere irregularity which is waived if the parties proceed to trial without objection.

Self-serving declarations made by the plaintiff against the defendant in his absence are inadmissible, but in the absence of objection and exception the error will not be considered on an appeal from an order vacating a judgment for the plaintiff.

APPEAL by the plaintiff, Isaac Arker, from two orders of the Municipal Court of the city of New York, borough of Brooklyn, one entered in the office of the clerk of said court on the 3d day of November, 1909, and the other entered in said clerk's office on the 10th day of December, 1909.

*Horace London,* for the appellant.

*Isidore Goetz,* for the respondent Rich.

CARR, J.:

On a trial between the parties to this action in the Municipal Court, in the borough of Brooklyn, the jury rendered a verdict for the plaintiff in the sum of $400. On the coming in of the verdict the defendant moved to set aside the verdict and for a new trial " on the ground that it is against the weight of evidence and on all the grounds specified in section 999 of the Code of Civil Procedure and

section 254 of the Municipal Court Act." The record shows that the court then denied the motion orally. The defendant thereupon immediately made a further motion as follows: "I also move to set aside the verdict because it is irregular, improper in form and cannot stand because the jury in this case had not been sworn." To which the court replied as follows: "Decision reserved on the latter ground and I will hear the parties on all matters next Thursday, October 21st." On the adjourned date the court heard the argument of the respective counsel and made an order dated November 1, 1909, which recited a motion as having been made to set aside the verdict "on the ground that said verdict was rendered against the weight of evidence and contrary to the evidence and upon all the grounds stated in section 254 of the Municipal Court Act," and which provided that the judgment herein entered on October 15, 1909, be vacated and set aside and ordered a new trial on a specified date. The plaintiff moved subsequently to vacate this order as being without jurisdiction, which motion was denied. From the order vacating the judgment and granting a new trial and from the later order denying the motion to vacate the order granting a new trial the plaintiff now appeals to this court.

He asks for a reversal of the orders specified on various grounds. It is insisted that as judgment had been entered in favor of the plaintiff pending the determination of the motion for a new trial, the Municipal Court was without power to set aside the verdict and grant a new trial, and he cites in support of that proposition the decision of this court in *Stodder* v. *New England Navigation Co.* (134 App. Div. 221). That case, rightly understood, is not an authority for his contention. By section 20 of the Municipal Court Act (Laws of 1902, chap. 580) "the provisions of the Code of Civil Procedure * * * shall apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act." When a motion for a new trial is made under section 999 of the Code of Civil Procedure, entry of judgment is not stayed until the decision of the motion, unless an order for a stay is granted, but the entry of the judgment does not deprive the court of power to decide the motion for a new trial and to vacate the judgment if a new trial be ordered. (Code Civ. Proc. § 1005.) A rational interpretation of section 254 of the Municipal Court Act produces the

same result. But where a new trial is ordered and a judgment vacated, it must be done by formal order of the court. In the case of *Stodder* v. *New England Navigation Co.* (*supra*) no formal order granting the motion for a new trial and vacating the judgment was made. There the court assumed not to grant a new trial but to dismiss the complaint on a motion made before the rendition of the verdict. Its attempt to set the verdict aside and to vacate the judgment entered in the meantime on the verdict of the jury was not for the purpose of a new trial but solely as incidental to an attempt to dismiss the complaint after a verdict and entry of judgment thereon. It was held on appeal by this court that under those circumstances the Municipal Court acted beyond its statutory authority. Here, however, the question presented is different. (*Maisch* v. *City of New York*, 134 App. Div. 201.) It may be urged that the record here shows that the court had orally denied the motion for a new trial under section 254 of the Municipal Court Act, but it likewise shows that when the motion was immediately renewed on a specification of claimed error, he reserved his decision on the motion and declared that he would hear the parties on "*all matters*" on a specified day. It is quite apparent that the trial court intended to rehear and reconsider the whole question of a motion for a new trial involving all its aspects. It is true that among the grounds urged for a new trial was one that the jury had not been sworn. It does not appear, however, that the motion for a new trial was granted on that ground. Doubtless that specific ground alone would be insufficient to sustain the order. By section 240 of the Municipal Court Act the conduct of a trial in that court is governed by the same rules as prevail in a court of record, and the failure to object to proceeding with the trial because of a failure to swear the jury would be deemed a waiver of what is, at most, an irregularity in a court of record. (*Cahill* v. *Delaney*, 68 N. Y. Supp. 842, and cases cited.)

As to the propriety of the action of the trial court in setting aside the verdict as against the weight of evidence, another question arises. We have but recently expressed our opinion as to the condition of the proof which should justify interference on our part with the discretion of the trial court. (*Azzara* v. *Nassau Electric R. R. Co.*, 134 App. Div. 167.) After a careful examina-

tion of the record before us we feel that we should not be justified in overruling in this case the discretion exercised by the trial court in granting a new trial. The record itself discloses considerable testimony on the part of the witness Cohen, which was incompetent against the defendant Rich, as it consisted of self-serving declarations made by the plaintiff against Rich in his absence. This testimony was elicited by questions of the court itself, but, as there were no objections or exceptions, we do not consider it in arriving at our conclusions on this appeal.

The orders appealed from are affirmed, with costs.

HIRSCHBERG, P. J., BURR, THOMAS and RICH, JJ., concurred.

Orders of the Municipal Court affirmed, with costs.