### LIBERMAN v. BECK.

(Supreme Court, Appellate Term, Second Department.   March, 1912.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—NONSUIT.

   A judgment, rendered after defendant entered upon his defense, in the words, "For defendant, dismissing the complaint without prejudice on defendant's motion at the close of the case," constituted a judgment of nonsuit, under Municipal Court Act (Laws 1902, c. 580) § 248, providing that judgment that the action be dismissed, with costs, without prejudice to a new action, shall be rendered in the cases provided.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEW TRIAL (§ 38*)—GROUNDS—GRANT OF NONSUIT.
   Where the complaint alleged facts constituting a cause of action, which were admitted at trial by defendant, a judgment of dismissal upon the merits was contrary to law, requiring a new trial.
   [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 56; Dec. Dig. § 38.*]

3. APPEAL AND ERROR (§ 671*)—RECORD.
   Orders specified in the notice of appeal, which have not been returned to the appellate court, cannot be reviewed.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Sarah Liberman against Samuel Beck, doing business as "The Beck Shoe." From an order denying plaintiff's motion for a new trial, and denying a motion for an order amending the date of entry of the judgment, so as to conform to the date of entry of the order denying the motion to vacate it, plaintiff appeals. Order reversed, and motion to vacate judgment granted, and a new trial ordered.

Argued March term, 1912, before GARRETSON, STAPLETON, and KAPPER, JJ.

Charles Burstein, of Brooklyn, for appellant.
Simon & Weinstein, of Brooklyn, for respondent.

STAPLETON, J. This action was for the recovery of the agreed price of goods sold and delivered. The answer interposed contained a general denial and a special defense, alleging implied breach of warranty and rescission. The complaint of the plaintiff sufficiently stated a cause of action. Plaintiff offered no evidence upon the trial, because the facts stated in the complaint were expressly admitted upon the record.

[1] The defendant entered upon his defense, and the court below rendered its judgment in the following words:

"For defendant, dismissing the complaint without prejudice on defendant's motion at the close of case."

This action constituted a nonsuit. Section 248, Municipal Court Act (chapter 580, Laws of 1902).

Costs were taxed against plaintiff for $15. The plaintiff moved to vacate the judgment and for a new trial under section 254 of the Municipal Court Act, supra. The court denied the motion and the plaintiff appeals from the order.

[2] The complaint having alleged facts constituting a cause of action, which facts were admitted upon the trial by the defendant, it is impossible for us to conceive how the complaint could have been dismissed, except upon the merits, which would have necessarily involved the determination that a sufficient defense had been proved. The effect of such a dismissal is a determination that, although the plaintiff stated a good cause of action, she may not have judgment upon it,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and should have costs imposed upon her. Such a determination we deem to be contrary to law.

[3] The other order specified in the notice of appeal has not been returned to this court, and therefore it may not be considered. In view of the determination to be made herein, it would seem unnecessary to consider it, had it been returned. Arker v. Cohen, 136 App. Div. 871, 872, 122 N. Y. Supp. 4. The motion to vacate the judgment and to award a new trial should have been granted, and the order denying that relief should be reversed. See Lackner v. American Clothing Co., 112 App. Div. 438, 441, 98 N. Y. Supp. 376.

Order reversed, with $10 costs and disbursements to appellant to abide the event, and motion to vacate the judgment granted, and a new trial ordered for a time to be specified in the order.

GARRETSON and KAPPER, JJ., concur.