THOMAS D. WIBERLY, Appellant, *v.* JAMES BRANDER MATTHEWS, Respondent.

It is no objection to an award of an arbitrator that he did not hear the par-

ties or take their evidence, when it appears that they waived a hearing, and that it was intended that the arbitrator should decide the matter submitted upon his personal knowledge and inspection.

An award, if valid, is a bar to an action on the original claim.

(Argued December 13, 1882; decided January 23, 1883.)

THE material facts and the views of the court thereon appear in the following extract from the opinion :

" In October, 1876, one Thomas Drummond made a contract with the defendaut to erect for him a certain building in the city of New York, and he thereafter entered upon the execution of his contract and erected the building. He performed certain extra work upon the building, for which he claimed payment of the defendant. And the defendant claimed that he had omitted to perform some work which was required of him by his contract, and claimed to be allowed damages on account of such omission. And thus there was a dispute between them. For the purpose of settling this dispute they entered into a written agreement submitting the matters as to the extra work, and the omitted work to one Emile Gruivé as sole arbitrator, whose decision was to be final.

Gruivé was the architect who had drawn the plans and specifications for the building and had had supervision of the work thereon.

He subsequently made his award, by which he found the value of the extra work, $2,265.25, and the damages for the omitted work, $1,362.20, and he awards to Drummond the difference, $893.05, which sum the defendant tendered and offered to pay to Drummond, but he, Drummond, refused to accept that sum, and then assigned his claim against the defendant for the extra work to the plaintiff, who commenced this action to recover for such work. The defendant set up the award as a bar to the recovery.

Upon the trial, the dispute about the extra work and the omitted work, and the submission, award and offer by the defendant to perform the award were proved and found by the referee. The plaintiff attempted to assail the award on the ground that the arbitrator did not hear the parties and take

their evidence. But the referee found upon sufficient evidence that the parties waived any hearing before the arbitrator. Gruivé was the architect having charge of the construction of the building and was familiar with all the matters submitted. The conclusion is clearly warranted by the evidence that the parties expected and intended that the arbitrator should decide the matters submitted to him upon his personal knowledge and inspection, without any evidence of witnesses, and any further or other hearing of the parties than he gave them. Drummond, having waived a hearing before the arbitrator, and the introduction of evidence, could not, after the award, complain that he was not heard. (*Day* v. *Hammond*, 57 N. Y. 479; 15 Am. Rep. 522.)

The claim of Drummond was merged in the award, and the award being valid was a bar to the maintenance of this action. (*Coleman* v. *Wade*, 6 N. Y. 44.) "

*J. Wray Cleveland* for appellant.

*William D. Hennen* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.