(6 Misc. Rep. 415.)

BOX et al. v. COSTELLO.

(Superior Court of Buffalo, Equity Term.    December, 1893.)

1. ARBITRATION AND AWARD—NOTICE OF HEARING.
     Where the time for the hearing was determined on in the presence of the parties, and was had accordingly, a party who failed to appear cannot afterwards object to the award on the ground that he did not have notice of the hearing.

2. SAME—OATH OF ARBITRATOR—WAIVER.
     Failure to swear an arbitrator is not a jurisdictional defect, but a mere irregularity, which may be waived.

Action by Box and others against John H. Costello on an award. Judgment for plaintiffs.

Moses Shire, for plaintiffs.
George W. Cothran, for defendant.

HATCH, J.    Prior to the commencement of this action defendant had instituted an action to obtain a judgment of divorce a vinculo against his wife, Sarah C. Costello, in the courts of Pennsylvania. This action was defended by the defendant therein, who retained for that purpose, as her lawyers, the plaintiffs in this action. The parties to that divorce action subsequently harmonized their differences, by which the action was discontinued, and a written agreement entered into, under date of February 14, 1893, regulating their future relations. At the same time the plaintiffs and defendant herein entered into a written agreement, whereby it was agreed, among other things, that the said John H. Costello, "in consideration of said settlement and services rendered in said suit, that he will pay the said parties of the second part, for their services and expenses incurred, the amount which the said party of the first part agrees to pay the said second parties, to be determined by George Quinby, Esq., of Buffalo, N. Y.; the second parties to submit to the said George Quinby, Esq., a sworn, itemized, and explanatory statement of the services they have rendered in said suit, and the sum or sums of money received by them from Sarah C. Costello and John H. Costello; also a sworn itemized statement of the expenses incurred by them; and the said George Quinby to allow such sum for expenses and services only as he believes proper and necessary in

preparing the defense for said suit." This agreement constitutes, in effect, a common-law arbitration, which is still recognized and enforced by the courts. Cutter v. Cutter, 48 N. Y. Super. Ct. 470, 98 N. Y. 628. The award made under it is conclusive upon the parties, and thereafter the original right became merged in it, and it alone furnishes the basis by which the rights of the parties are to be determined. Wood-Working Co. v. Schnieder, 119 N. Y. 475, 24 N. E. 4. This action proceeds upon this theory. Unless, therefore, we can see that some essential thing has been omitted which avoids the award, plaintiffs are entitled to recover the sum awarded. It appears from the testimony that, so far as the plaintiffs are concerned, they submitted the proof required of them by the agreement, both as to the amount of their expenses and services, and also the sums of money paid to them by the defendant and his wife, which was deducted from the sum awarded. Such proof was given under oath before the arbitrator, was written down, and is presented as a part of the proof upon this trial. Taking the literal language of the agreement and the proof submitted upon this trial, there is shown to be an exact compliance with its terms. The arbitrator, therefore, had before him all of the proof which, by the terms of the agreement, he was expected to have upon which to base his award. The amount of the award rested in the sound judgment of the arbitrator, and, while the sum awarded is large, yet the character of the action, the standing of the parties, the theory of the defense, and the evidence to establish it, together with all the steps taken, as shown by the sworn statements of plaintiff, to develop such defense, and meet the claim set up, show a case where expenses would necessarily be large, and the labor of counsel great. If there could be applied to this award the ordinary rules respecting verdicts rendered by juries, the grounds would be insufficient to vacate the award as being excessive. The case is much stronger where, as here, the defendant deliberately selected, from a number of men proposed, one in whose judgment and integrity he felt that he could safely repose. Besides, it appears by the undisputed proof that before the arbitrator would consent to act it was stated to him by the defendant and one of the plaintiffs that no question of veracity would be raised, and the only question would be to determine the value of the services upon undisputed proof. The agreement having been complied with by plaintiffs, and the proofs authorizing the award, we must look elsewhere for reasons to overthrow it. The error alleged is that defendant had no notice of the hearing, and was not present when the proofs were taken. That defendant was entitled to notice of hearing is by no means clear. The agreement is silent respecting notice; and the character of the proof which plaintiffs were required to submit is expressly stipulated, and, unless complied with, would not have authorized any award. Where the parties agree upon the evidence which shall be the basis of determination, and no notice is provided for, it would seem that no hearing or notice was contemplated. While the general rule undoubtedly is that parties are entitled to a notice and hearing, (Elmendorf v. Harris, 23 Wend. 628,) yet this

rule is modified where it is apparent from the agreement that no notice or hearing was contemplated, (Wiberly v. Matthews, 91 N. Y. 648; Bedell v. Kennedy, 38 Hun, 512.) In the last case this point was concurred in by all the court, and is affirmed by the court of appeals. Bedell v. Kennedy, 109 N. Y. 158, 16 N. E. 326. It is not necessary now to determine this question, as it appears by undisputed proof that defendant, with one of the plaintiffs, consulted with the arbitrator, after his selection, as to his willingness to act; and, after the latter had exacted a stipulation that he should not be compelled to determine upon conflicting testimony, a day, and practically the hour, was fixed for the hearing, in defendant's presence. He did not appear,—whether as the result of an agreement that he was not to appear or otherwise is of no moment, as he then knew when the hearing would take place, and it was had in pursuance of the arrangement then made. He had the same notice that plaintiffs had, and the same opportunities for being heard. Having failed to avail himself of the opportunity, and having consented when the hearing should take place, he must be held to have waived notice of it, and is bound by the determination. Wiberly v. Matthews, 91 N. Y. 648; Day v. Hammond, 57 N. Y. 479; In re Hughes, 93 N. Y. 512; Bedell v. Kennedy, 109 N. Y. 153, 16 N. E. 326; Brown v. Lyddy, 11 Hun, 454.

It is further urged that the arbitrator was not sworn. This is not a jurisdictional defect, but one that may be waived. Cutter v. Cutter, 48 N. Y. Super. Ct. 470. At the most, it is an irregularity, and, in order to be available, a motion to set aside the award is necessary, or, as was held in Day v. Hammond, 57 N. Y. 484, advantage could be taken of the defect by answer when an attempt was made to enforce the award. No motion was made to set it aside, nor is the question raised by answer. It must therefore stand as conclusive in this action. A careful examination of all the points raised by defendant convinces my mind that none are available to defeat plaintiffs' recovery in the action. Judgment is therefore ordered for plaintiffs, with costs.

Judgment for plaintiffs, with costs.