(1 App. Div. 549.)

## HOAR v. McNEICE.

(Supreme Court, Appellate Division, First Department. February 21, 1896.)

CONFLICTING EVIDENCE—REVIEW.
    A judgment on conflicting evidence as to the terms of a contract and the adequate performance thereof will not be disturbed.

Appeal from judgment on report of referee.

Action by Richard Hoar against Alexander McNeice. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

N. J. O'Connell, for appellant.

James Kearney, for respondent.

PATTERSON, J.   This is an action to foreclose a mechanic's lien filed against property on the corner of Lenox avenue and 118th street in the city of New York, belonging to the defendant. The plaintiff was employed to make excavations for a building to be erected on the premises, and to furnish materials necessary in the course of the work.   It is alleged in the complaint that the work was duly performed, was of the reasonable value of $662.15, that $376.75 was paid by the defendant on account, leaving an unpaid balance of $285.40, for which the lien was filed. The defendant denies the indebtedness, and claims that the plaintiff was employed to excavate all ground necessary to be excavated to a depth of five feet below the street curb, and to remove and take away all dirt, earth, stone, and rubbish, and to accept $250 in full as his compensation.   An additional contract is also pleaded by the defendant, by which he alleges the plaintiff agreed to make the excavation a foot deeper at an agreed price of $186, making a total on both contracts of $436.   It is then averred in the answer that the plaintiff has not completed his contract, in that he has failed to remove certain earth and boulders, and has not excavated to the extent he was employed to do. The issues were referred to a referee, who has reported in the plaintiff's favor for substantially the whole amount claimed, and from the judgment entered on the report this appeal is taken.

There is a conflict of evidence respecting both the terms of the contract and the adequate performance of the work.   The defendant swears that he employed the plaintiff to make all necessary excavation up to the stoop line, including that necessary for areas, and that he pointed out to the plaintiff where the line was; that the plaintiff agreed to do this for $250.   The plaintiff, on the contrary, insisted that he was first employed to excavate a cellar of fixed dimensions, 65 by 85 feet, and 5 feet below the curb line; that he excavated 75 feet by 80, and then the defendant wanted to go a foot deeper, and to have a trench dug, and the area way; and that the defendant agreed to pay additional fixed prices therefor, viz. $25 for the trench and 85 cents for 237 yards

of area excavation, amounting to $201.45; and the increased depth inside the building line cost $163.20. There was a small item also of $5 for a sewer pipe furnished by the plaintiff. There is no doubt on the evidence but that the plaintiff was employed to do all the work testified to by him, and, the referee having, on conflicting testimony, reported in his favor, we do not find such preponderance of proof against the findings of fact as to the agree-ment under which the work was done as would justify a reversal of the judgment. The only claim of nonperformance is a failure to remove rubbish and stone after the excavation was made, but on this issue also the testimony was in conflict, and we see no just reason for departing from the conclusion reached by the referee.

Judgment affirmed, with costs. All concur.