JOHN D. HICKS and Others, Respondents, v. JESSE TORRENCE MAGOUN, Appellant, Impleaded with HARRY JOHNSON, Individually and as the Surviving Partner of the Copartnership of ARTHUR JOHNSON & BROTHER, and Others, Respondents.

*Building contract — construction of an agreement abrogating it and providing that materials furnished be paid for — arbitration — effect of an agreement to submit " all questions relative to this contract" to an architect — award ineffective, because indefinite.*

After a building contract had been partly executed, the parties thereto entered into an agreement which provided that the contract should be annulled, and that "for any labor and materials furnished by the second party (the builder) and used in construction under said first-mentioned contract and answering its requirements, and for any material furnished by the second party for construction under said first-mentioned contract, and answering its requirements, and now on the ground adjacent to said construction, * * * the first party (the owner) is to be debited with a proportionate part of the contract price fixed or provided for in said first-mentioned contract, but the second party is to dispose of any and all such unused materials to the best advantage, but only on terms to be approved by Henry Ives Cobb, architect, and the first party is to be credited with the proceeds of the sale thereof," and further provided that "all matters between the parties, pertaining to or growing out of the contracts aforesaid, shall be settled and adjusted between them on the basis hereinbefore set forth." The agreement also provided, "It is further mutually agreed that all questions relative to this contract shall be referred to Henry Ives Cobb, architect, whose decision shall be binding upon both parties."

*Held,* that the provision of the agreement, that "all matters between the parties, pertaining to or growing out of the contracts aforesaid, shall be settled and adjusted between them on the basis hereinbefore set forth," indicated an understanding that the contractors were to be paid such proportion of the original contract price as the labor performed and the materials furnished which answered the requirements of the contract bore to the whole amount;

That the provision that all questions arising under the contract should be referred to the architect, related only to disputes which might arise between the parties as to the amount of work performed or of material furnished, and the relations which these bore to the original contract price, and did not constitute him a general arbitrator or invest him with power to determine the amount due to the contractors under the contract;

That, even conceding the authority of the architect to determine that question, an award made by him, which was wholly inconclusive and did not finally determine the questions which he assumed to decide, was not conclusive upon the contractors or upon those claiming under them, especially where it did not appear that any questions ever arose between the parties or were submitted to

the architect, or that either of the parties was ever notified to appear before him, or that the contractors ever recognized or acquiesced in the so-called award.

APPEAL by the defendant, Jesse Torrence Magoun, from a judgment of the Supreme Court in favor of the plaintiffs and certain of the defendants, entered in the office of the clerk of the county of Queens on the 21st day of February, 1898, upon the report of a referee.

The action was brought to foreclose a mechanic's lien upon premises now belonging to the defendant Magoun for building materials furnished to the firm of Arthur Johnson & Brother.

*Henry A. Monfort*, for the appellant.

*George M. Baker*, for the plaintiffs, respondents.

*John De Witt Warner*, for the respondent Johnson.

*Edward L. Frost*, for the respondent Post.

*Pierre M. Brown*, for the respondents Andrews.

WOODWARD, J.:

In the fall of 1895, Joseph T. Torrence entered into a contract in writing with Arthur Johnson & Brother of St. Louis, Mo., to erect a lodge, stables and water tower upon the premies of the former at Westbury, Queens county, Long Island. At the same time a verbal contract was made to rebuild certain houses already upon the premises, and to construct certain fences and to furnish the materials and labor necessary to accomplish such work. After the greater part of the work under the verbal contract had been completed, and when the work of constructing the lodge, stables and water tower was well under way, the parties reached an understanding by which the written contract was terminated, and a new agreement was entered into, in writing, in which it was agreed that the contract of a previous date should be annulled, and that the parties should be mutually absolved from further obligations under the contract. It was then covenanted and agreed between the parties that " For any labor and materials furnished by the second party (Arthur Johnson & Brother) and used in construction under said first-mentioned contract and answering its requirements, and for any material

furnished by the second party for construction under said first-mentioned contract, and answering its requirements, and now on the ground adjacent to said construction, and any terra cotta chimney tops contracted for by second party for use in construction under said first-mentioned contract, and answering its requirements though not on the ground, the first party is to be debited with a proportionate part of the contract price fixed or provided for in said first-mentioned contract, but the second party is to dispose of any and all such unused materials to the best advantage, but only on terms to be approved by Henry Ives Cobb, architect, and the first party is to be credited with the proceeds of the sale thereof." After reciting the payment of $12,000, which is to be credited to the party of the first part, the agreement continues that "All matters between the parties pertaining to or growing out of the contracts aforesaid shall be settled and adjusted between them on the basis hereinbefore set forth," clearly indicating an understanding that the amount to be paid is to depend upon the amount of labor and materials furnished, and answering the requirements of the contract, and is to be in the proportion which such labor and materials shall bear to the sum of $84,000 agreed to be paid for the work under the original contract. Then follows the provision on which the appellant relies, that "It is further mutually agreed that all questions relative to this contract shall be referred to Henry Ives Cobb, architect, whose decision shall be binding upon both parties."

The plaintiffs (materialmen), who are dealers in building materials, supplied a large portion of the materials which were used and to be used in the work undertaken by Arthur Johnson & Brother, and from the judgment in their favor, entered upon the report of a referee appointed by consent of all parties to hear and determine, the defendant Jesse Torrence Magoun (who succeeds to the title of her father, who entered into the original and subsequent contracts) appeals to this court urging chiefly that an award made by Mr. Cobb, under the supposed authority of the latter contract, is conclusive as to the amount due to the original contractors, thus limiting the amount which these plaintiffs may recover. This is practically the only question of importance involved in the case, for this court has repeatedly held that it was not justified in disturbing the findings of fact either of a referee or of the trial court, " unless it affirma-

tively appears that the trial court clearly erred in its decision." (*Hoar* v. *McNeice*, 1 App. Div. 549 ; *Deuterman* v. *Gainsborg*, 9 id. 151 ; *Wyandanch Club* v. *Davis*, 33 id. 598.) A careful examination of the case satisfies us that the learned referee conducted the investigation with great care, giving to all of the parties a patient hearing, and that his conclusions of fact are abundantly sustained by the evidence taken before him ; and if the award made by Mr. Cobb was not a bar to the action, or if it was not conclusive as to the amount due to the original contractors, then the judgment must be affirmed.

Even if courts were more willing than they are to admit the validity of contracts or agreements to submit to arbitration which in effect oust the jurisdiction of the tribunals instituted for the orderly trial of causes (*Pearl* v. *Harris*, 121 Mass. 390), it is difficult to understand how the agreement of the parties to the contracts above mentioned could be given the construction and the effect contended for by the defendant Magoun. There were none of the formalities prescribed by the Code of Civil Procedure; there was no agreement in the contract that judgment might be entered ; there was no hearing of the parties upon the questions involved, and it is clear to us that there was never any intention on the part of the contracting parties that Mr. Cobb was to act as a general arbitrator and to arbitrarily determine the amount due to the original contractors. The language of the contract is that " all matters between the parties pertaining to or growing out of the contracts aforesaid shall be settled and adjusted between them on the basis hereinbefore set forth." That is, the contractors were to be paid such proportion of the original contract price of the work as the labor already done, and the materials furnished, which answered the requirements, bore to the whole amount. Those matters were to be " settled and adjusted between them ;" between the individuals entering into the contract. This left the questions open as to how much of the original contract had been performed and what amount of material, answering the requirements, had been supplied, and these questions were to be " settled and adjusted between them." After having determined upon the basis of settlement between themselves, it was " further mutually agreed that all questions relative to this contract shall be referred to Henry Ives Cobb, architect, whose decision

shall be binding upon both parties." Clearly this was not an agreement to submit to Mr. Cobb the controversy between the parties to the contract; that was settled, or to be "settled and adjusted between them on the basis hereinbefore set forth;" and the only questions which could arise under the contract which would authorize Mr. Cobb to act would be in the event of a dispute between the parties as to the amount of work performed or the amount of material, answering the requirements, which had been furnished, and the relations which these bore to the original contract price for the work. There is no evidence that there was any dispute between the parties to the contract, or that any of the questions which might arise in determining the amount due were ever submitted to Mr. Cobb under this agreement. The agreement says, not that the questions relative to this contract are submitted, but that they "shall be referred to Henry Ives Cobb," and in order to have any binding force upon the parties it was necessary that there should have been some dispute between the parties as to some of the questions arising under this contract, and that they should have been submitted formally to his consideration. This case is easily distinguished from that of *Wiberly* v. *Matthews* (91 N. Y. 648). In that case the questions in dispute were submitted to the architect by a written agreement; he was to determine the amount of extra work, as well as the amount of the work which had been omitted. The award was made and the defendant offered to perform, but the plaintiff refused, and on the trial of the action he attempted to assail the award on the ground that the arbitrator did not hear the parties and take their evidence. "But," say the court, "the referee found upon sufficient evidence that the parties waived any hearing before the arbitrator. Gruivé was the architect having charge of the construction of the building, and was familiar with all the matters submitted. The conclusion is clearly warranted by the evidence that the parties expected and intended that the arbitrator should decide the matters submitted to him upon his personal knowledge and inspection, without any evidence of witnesses and any further or other hearing of the parties than he gave them." In the case at bar, while it may be that the architect would have been warranted in acting without calling witnesses, though he was not in actual charge of the construc-

tion, but was represented by his superintendent, who was not called as a witness in the case, there is no evidence that any question was ever submitted to him. The basis of settlement was agreed upon between the contracting parties; it was understood and declared that they should settle and adjust " between them on the basis hereinbefore set forth," and until there was some disagreement between them, there was no question for the architect to decide. The mere fact that he assumed to go on without giving notice of any hearings or conforming to any of the formalities usually observed in such cases cannot deprive the plaintiffs in this action of their right to recover for the material which they supplied and which has been appropriated to the uses of the defendant Magoun.

But were it to be conceded that the matter was properly submitted, and that Mr. Cobb was authorized to determine the whole question of the liability of his employer, to whom he was under special obligations at the time, as appears from the pleadings and the evidence, the award is not such as to conclude any of the parties to this action. It is wholly inconclusive; it does not finally determine even the matters with which it has attempted to deal, but leaves them in such shape that much more is to be done before the liability of the owner of the premises can be determined. Mr. Cobb says : " After all labor and materials have been paid for by Arthur Johnson & Brother, upon all work performed by them at Westbury, Long Island, for Joseph T. Torrence, and all property, including materials, on the ground of Joseph T. Torrence at Westbury, Long Island, have been cleared of all claims of any kind or nature, then said Johnson should receive from said Torrence the sum of five thousand four hundred fifty-nine dollars and ninety-seven cents ($5,459.97)." Again he says : " Whereas, upon investigation, I find that there are many claims against the material and property at Westbury, Long Island, by persons from whom said Johnson has purchased materials and secured labor. Said Torrence should pay said Johnson no money until all such claims have been liquidated." Obviously, there is nothing conclusive in this; it is not a decision of the questions which Mr. Cobb assumes to have been submitted to him, and leaves the matter in just as unsatisfactory a situation and no nearer a solution than when the contract was signed under which he had assumed to act. As was said in the case of *Herbst* v.

*Hagenaers* (137 N. Y. 290, 293), "The judgment to be entered on this award cannot possibly, without some other proceeding, be any more definite than the award itself, and thus would not definitely or finally determine the rights and interests of the parties. The award contemplated some further action by some one in order to ascertain what further sum, if any, was due to appellant upon the firm books. * * * Both parties were entitled under the submission to a mutual, definite and final award. * * * When an award does not * * * in itself contain the data or means of working out a definite and final determination of the whole controversy submitted, the powers conferred upon the arbitrators have not been fully executed, and the provisions of the present Code are imperative that it must be set aside." (Code Civ. Proc. § 2374, subd. 4.)

There never having been any agreement to submit the settlement of the claims of Arthur Johnson & Brother to Mr. Cobb, but merely an agreement that all questions arising under the contract of settlement should be submitted to him, the so-called award made by the architect can have no binding force upon Arthur Johnson & Brother, or those claiming under him. The award is not made with any of the formalities; it does not appear that any questions ever arose between the contracting parties after the signing of the contract; that either of the parties to the agreement were ever notified to appear before Mr. Cobb, or that the Johnsons have ever recognized or acquiesced in the so-called award. It is equally clear that the award does not determine the questions which Mr. Cobb assumed to deal with, and it cannot, therefore, conclude any of the parties in interest.

The whole question was, therefore, open before the referee; he was free to take into consideration the entire transaction to determine the rights of the various parties under the terms of the contract of settlement, and this duty he has performed in a manner so free from error, so far as the learned counsel for the appellant has pointed out, that it only remains for this court to affirm the judgment of the court below, with costs.

All concurred, except Hatch, J., absent.

Judgment affirmed, with costs.