## NOTTONSON v. SCHIERENBECK.

(Supreme Court, Appellate Term, First Department.   December 30, 1915.)

APPEARANCE ⟳9—JURISDICTION ACQUIRED—"GENERAL APPEARANCE."

    Where plaintiff procured a free summons against defendant, but no service was had, and the only appearances made by defendant were one by his attorney on an adjourned day specially to object to the jurisdiction of the court on the ground of lack of service, and one upon defendant's motion to open a default against him, the court had no jurisdiction, as in neither case was there a general appearance sufficient to confer it.

    [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. ⟳9.

    For other definitions, see Words and Phrases, First and Second Series, General Appearance.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by John A. Nottonson against Zenobia Schierenbeck. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Thomas J. Farrell, of New York City, for appellant.
Harry Stackell, of New York City, for respondent.

GUY, J.   On May 21, 1915, the plaintiff procured the issuance of a free summons returnable on June 2, 1915. On that day, no one appearing for the defendant, the cause was adjourned until June 10th. It appears that defendant's attorney was notified of this adjournment, and upon the adjourned day he appeared, specially stating to the court:

"I appear for the defendant for the purpose of objecting to the jurisdiction of the court, on the ground that no service of the summons or process of any kind has been made, and traverse the return herein."

The trial justice refused to entertain this appearance, and thereupon defendant's attorney withdrew, and plaintiff took an inquest, resulting in a judgment in his favor of $500 and costs. Subsequently the defendant moved to open this default and for leave to traverse the return, basing his motion upon affidavits showing that no service of process had been made. This motion was denied, with leave to renew "if defendant appear and ask leave to defend the motion." Thereafter the defendant appealed from the judgment and has served affidavits upon plaintiff's attorney, which are not disputed, showing that process was never served upon her.

It is unnecessary to determine the effect of the appearance by the defendant upon the adjourned day, and upon the motion to open his default, as in neither case was there a general appearance sufficient to confer jurisdiction upon the court. This appeal comes up under the provisions of section 311 of the former Municipal Court Act (Laws 1902, c. 580), which provides for appeals of this character, and the affidavits served and submitted showing without dispute that no summons was ever served upon the defendant, and that the court therefore never acquired jurisdiction over her person, the judgment must be reversed.

Judgment reversed, with $30 costs, and the complaint dismissed, with costs. All concur.