■ HARRY KRUPNICK, Respondent, v JEROME DANIN, Appellant. — In an action to recover the balance due on a loan, defendant appeals from an order of

the Supreme Court, Queens County (Rodell, J.), entered March 21, 1981, which denied his motion, pursuant to CPLR 3211 (subd [a], par 8) to dismiss the action on the ground that the court lacked personal jurisdiction. Order reversed, with $50 costs and disbursements, and matter remitted to Special Term for a hearing to resolve factual issues concerning the question of personal jurisdiction. Plaintiff predicates personal jurisdiction upon CPLR 302 (subd [a], par 1), the transaction of business in the State, and alleges that defendant was present in his home in New York at which time the two checks, which constituted the loan, changed hands. Conversely, defendant claims that he was not in New York at the time alleged but that he received the two checks by mail at his home in Massachusetts. Defendant argues in the alternative that if he was in New York, it was purely a social visit and the exchange of loan money was incidental to that visit. Plaintiff argues that the exchange of loan money is a single transaction with significant contacts to support jurisdiction. With such antithetical claims, it is not possible to determine credibility from written affidavits. Testimony from witnesses more appropriately serves this purpose. Special Term abused its discretion by deciding this issue solely on the affidavits. (See *Reiner & Co. v Schwartz,* 41 NY2d 648; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13; *Longines-Witnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443; *Northern Structures v Union Bank,* 57 AD2d 360.) If a payment schedule or the interest rate, for example, was also agreed to at the time the money changed hands, then this may be sufficient, assuming the money changed hands in New York to constitute a business transaction conferring jurisdiction over the defendant. But if there was only an exchange of loan money in New York, with all the other related activities occurring before defendant's New York visit, it is questionable whether the exchange itself could be considered a purposeful transaction. Determination of this issue must await, and depends upon, the findings of Special Term following a hearing. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.