OPINION OF THE COURT
Emily Jane Goodman, J.
This motion by defendants TVS Automotive Inc., Three Village Service and William T. Papini seeks dismissal of this case for lack of in personam jurisdiction. The motion rests on two grounds: first, that defendants have no ties with New York City, and second, that defendants were not properly served.
Both sides agree on the basic facts. Defendants Robert Riordan and William T. Papini borrowed $10,000 from plaintiff Julio Rey in March 1983. The only contact with New York City was that Mr. Riordan and Mr. Papini picked up the check in New York City. The terms of the loan were not discussed in this city.
Both parties rely on Krupnick v Danin (86 AD2d 623 [2d Dept 1982]) to support their positions. That case says that the mere picking up of a loan check in New York does not confer jurisdiction on New York. Under that case, New York City Civil Court would not have jurisdiction over this case.
However, the law has been amended since that decision. CCA 404 (a) (1) was amended effective September 1, 1983 to allow jurisdiction over anyone who “contracts anywhere to supply goods or services in the City of New York”. Cases interpreting the earlier long-arm jurisdiction statutes have applied them *1016 retroactively to causes of action arising prior to its effective date. (Rosenberg v Greenfield, 44 Misc 2d 600 [App Term, 1st Dept 1964].) One of the purposes of the long-arm statute amendment was to relieve the Supreme Court of cases that should be in Civil Court except for the “transacts business” language. “When the Civil Court lacked the ‘contracts anywhere’ language, the only court in New York City that could entertain a case dependent on such language for personal jurisdiction was the Supreme Court, which meant that plaintiffs in all such cases, of whatever amount in controversy, had to bring them in the Supreme Court for want of any other forum. That was doubtless a major factor prompting the 1983 Civil Court amendment.” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, part 3, CCA 404, 1984-1985 Pocket Part, p 77.) In order to give full effect to the statute, this court will apply it retroactively to this case in which the loan was made prior to the amendment but the default on repaying the loan occurred after the effective date of the statute.
CCA 404 uses the same language as CPLR 302. That statute:
“provides jurisdiction where a non-domiciliary enters into a contract to do work in or to send goods into New York. Of course, the cause of action must still arise out of that contract * * *
“[It] also extend[s] long-arm jurisdiction to non-domiciliaries who make contracts to be performed in New York and then totally fail to perform.” (McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C302:13, 1984-1985 Pocket Part, p 302.)
The contract in this case was a loan. For defendant to perform its obligations under the loan, it would have to pay plaintiff back the sum borrowed. That constitutes a duty that would have to be performed in New York City. Therefore, under CCA 404, this court has jurisdiction over defendant William Papini in terms of his ties to New York City.
Mr. Papini further claims that the loan was personal and not for his business. He claims, therefore, that the court has no jurisdiction over TVS Automotive Inc. and Three Village Service. If plaintiff’s allegations that the loan was for the business is correct, the court has jurisdiction over that defendant as well. That issue cannot be decided on these motion papers. It is a trial issue.
This court finds that the New York City Civil Court has jurisdiction over this lawsuit.
Turning to the question of service, Mr. Papini also claims lack of jurisdiction over him and the business defendants due to *1017 improper service of the summons and complaint. He disputes the affidavit of service which asserts that he was personally served. The determination of that issue requires a traverse hearing.
The matter is therefore set down at Special Term, Part II, of this court, or at any other part to which the matter may be assigned therefrom, for a hearing on the traverse and for final disposition of the motion. The moving party shall promptly requisition the file herein, including the original of this order and papers annexed thereto, to the office of the clerk of Special Term, Part II, so that a date may be assigned and notice of such hearing shall then be given to both sides.