■ ELLIOTT B. DREZNICK, Respondent, v STEFANIE LENCHNER, Appellant. [838 NYS2d 781]—

In an action, inter alia, for the return of gifts made in contemplation of marriage and to recover damages for breach of contract and unjust enrichment, the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated February 16, 2006, which denied her motion for summary judgment dismissing the complaint on the ground of lack of personal jurisdiction, and, upon searching the record, awarded the plaintiff summary judgment on the first cause of action and directed the defendant to return an engagement ring to the plaintiff.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendant resided together in New York and entered into an engagement to be married. Approximately 18 months after becoming engaged, the defendant terminated the engagement and left the plaintiff's residence with an engagement ring and a dog, and allegedly, with other items of personal property belonging to the plaintiff. The plaintiff demanded the return of the property, the defendant refused, and this action was commenced. The defendant was a domiciliary of California at the time this action was commenced.

The plaintiff's first cause of action seeks the return of the engagement ring based on Civil Rights Law § 80-b and the tort of conversion. The second and fifth causes of action, based on breach of contract and unjust enrichment, are premised on the plaintiff's allegations that he provided the defendant with sums of money during their relationship, that the parties agreed such sums would constitute a loan if their marriage plans were

terminated, and that the sums remain unpaid although duly demanded. The third and fourth causes of action seek the return of other items of personal property allegedly owned by the plaintiff. In her answer, the defendant asserted the affirmative defense of lack of personal jurisdiction and she moved for summary judgment dismissing the complaint on that ground.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint as the defendant failed to submit sufficient evidence to establish her entitlement to judgment as a matter of law on the affirmative defense of lack of personal jurisdiction (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Moreover, upon searching the record, the court properly awarded the plaintiff summary judgment pursuant to CPLR 3212 (b) on the first cause of action for the return of the engagement ring. The plaintiff established, as a matter of law, a basis for the exercise of jurisdiction on this cause of action pursuant to CPLR 302 (b) and his entitlement to the return of the ring.

If established, the plaintiff's allegations in the second through fifth causes of action would also provide bases for the exercise of long-arm jurisdiction under CPLR 302 as to each of those causes of action, and the exercise of such jurisdiction would comport with due process (*cf. LaMarca v Pak-Mor Mfg. Co.*, 95 NY2d 210 [2000]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d 238 [2005]; *Kochenthal v Kochenthal*, 28 AD2d 117 [1967]; *Krupnick v Danin*, 86 AD2d 623 [1982]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.