OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
Landlord commenced this holdover summary proceeding, alleging that tenants had breached a substantial obligation of their tenancy (see Emergency Tenant Protection Regulations [9 NYCRR] § 2504.2 [a]) by violating the use clause of the lease, and had committed a nuisance, by operating a limousine business from the subject apartment and parking their vehicles on the property (see Emergency Tenant Protection Regulations [9 NYCRR] § 2504.2 [b]). Tenants moved to dismiss the petition, alleging that the notice to cure was deficient. The court denied the motion. After a bench trial, the court awarded judgment in landlord’s favor, finding that tenants had been operating a business from the apartment and had continued to do so after the expiration of the cure period. Tenants argue on appeal that their motion to dismiss the petition was improperly denied (see CPLR 5501 [a] [1]) and that the court erred in granting judgment to landlord.
The sole argument advanced by tenants, in support of their motion to dismiss, regarding the adequacy of the notice to cure — that, as a matter of law, landlord conceded that tenants were not in violation of their lease by accepting July 2004 rent and withdrawing a prior summary proceeding without prejudice — has been abandoned on appeal, and, in any event, is without merit since landlord immediately again demanded the correction of the disputed conduct (see Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 6 [2006], affd 8 NY3d 59 [2006]). Tenants’ remaining arguments regarding the sufficiency of the notice to cure are raised for the first time on appeal, and, as the defects alleged do not implicate the jurisdic *79 tian of the court (see 433 W. Assoc, v Murdock, 276 AD2d 360 [2000]; 170 W. 85th St. Tenants Assn, v Cruz, 173 AD2d 338 [1991]), they were waived (see 433 W. Assoc., 276 AD2d 360 [2000]; Claridge Gardens v Menotti, 160 AD2d 544 [1990]; 88th St. Realty LP v Arabian, 19 Misc 3d 132[A], 2008 NY Slip Op 50659[U] [App Term, 1st Dept 2008]).
The use provision of the lease, stating that “[t]he apartment must be used only as a private Apartment to live in as the primary residence of the Tenant and for no other reason,” is a substantial obligation of the subject tenancy (see Matter of Park W. Vil. v Lewis, 62 NY2d 431, 436 [1984]). Where, as here, the property is subject to rent regulation, “in addition to requiring proof that a tenant violated a substantial obligation of the lease ... a landlord must also demonstrate that the violation of such obligation was a significant one — i.e., not a technical or a de minimis violation” (id. at 437). Upon our review of the record, we find that it amply supports the Justice Court’s determination that tenants’ use of the apartment as an office for their business constituted, on the facts presented, a significant violation of the use clause of the lease, and that the violation was not cured within the cure period. We note, in particular, that tenant Adel M. Elsayed admitted at trial that tenants’ certificate on file with Westchester County through the time of trial indicated that they were conducting a limousine business from the premises.
Accordingly, the final judgment is affirmed.
Rudolph, EJ., McCabe and Molla, JJ., concur.