*856 OPINION OF THE COURT
Charles J. Market, J.
The following decision raises an issue of first impression for an American court: whether or not a traverse hearing, concerning the propriety of the service of process, needs to be reheld because, as a result of oversight, the witness at the hearing was not sworn. The issue is especially interesting since no one has objected, as of yet, to the hearing or to the inadvertent failure to swear the witness. The undersigned, the hearing court, who is solely responsible for making findings of fact concerning the witness’s credibility and determinations of law regarding the viability of the service, has raised this issue sua sponte.
The underlying facts do not need elaborate recitation. The plaintiff, according to testimony at a hearing to adjudicate the propriety of the service of process and whether it was legally effectuated, is suing the defendants for having wrongfully placed a lis pendens on a property after the plaintiff advised them that he would not honor the contract of sale, but intended to sell the property to another buyer at a higher price. The principals of the defendant corporation are defendant David Gonen and his former wife, defendant Sharona Gonen.
The plaintiff, by motion submitted on February 19, 2009, moved for a default judgment. This court, after reading the defendants’ opposition to the motion concerning the alleged service attempted by process server Curtis Duncan, placed the motion for a default judgment in abeyance and ordered a traverse hearing to determine the propriety of the service of process, a summons with notice. The court’s order, dated March 12, 2009, and entered on March 20, 2009, scheduled the hearing for April 23, 2009. The hearing was subsequently adjourned to April 30, 2009. On the adjourned date, the undersigned left a message for plaintiffs counsel, Isaac Nwakaego Okoro, Esq., reminding him to be present at the hearing. Defendant David Gonen, appearing pro se, was present at the hearing. Okoro was not present and failed to return chambers’ telephone call.
The undersigned conducted the hearing, consisting of questions posed by the court to Mr. Gonen. Defendant Gonen explained that, since 2002, he had not lived at the building where Duncan, the process server, supposedly left the papers with its superintendent, a Mr. Slovick. Gonen further related that plaintiff and his counsel failed to take a variety of steps to learn of his address. At the conclusion of the hearing, the court indicated on the record that it was sustaining the traverse and dismissing the case.
*857 This court, planning to prepare a more formal, written order dismissing the action, ordered and reviewed the transcript of the hearing, taken by Claudia N. Berna, the official court reporter. In reading the transcript, the undersigned realized that David Gonen had not been sworn during the course of the hearing. Especially since Gonen was the only person who appeared for the hearing and was the only person to talk with the court and offer evidence, since plaintiffs counsel failed to arrive, the undersigned believed that the failure to swear Gonen was important. This opinion followed.
The word “traverse,” as used by the common-law, pre-code systems of pleading, belongs to that rich, historical tradition that has included other legal terms, such as assumpsit, trover, and demurrer. A computerized legal search will reveal that those terms are still used occasionally, although their use is fading as a result of modern codes of pleading. To traverse, in legal parlance means either to deny (see e.g. Chattanooga Pharm. Assn. v United States Dept. of Justice, 358 F2d 864, 866 [6th Cir 1966 per curiam] [“which in no way denied or traversed the quoted allegations”]; Andrus v Waring, 20 Johns 153 [Sup Ct 1822]) or to contradict (United States ex rel. Catalano v Shaughnessy, 197 F2d 65 [2d Cir 1952 per curiam] [“no traverse was filed and no evidence offered to contradict the allegations”]; Ansonia Brass Co. v Conner, 62 How Prac 272, 281 [Ct Common Pleas 1881, Daly, Ch. J., dissenting] [“As the sheriff is an officer deputed by the law and by the king for his courts, no one will be allowed to contradict or traverse . . . his return, except in some special cases” (quoting Dalton on Sheriffs, ch 42, at 189-190)]).
In New York and in some other American jurisdictions, the term “traverse,” in civil litigation, means a pretrial hearing used to determine whether the defendants in that action were properly served with process so as to invoke a court’s jurisdiction. (See e.g. Woodley v Jordan, 112 Ga 151, 151, 37 SE 178 [1900] [“on the trial of a traverse to a constable’s return of personal service”]; see also Rey v TVS Automotive, 128 Misc 2d 1015, 1016-1017 [Civ Ct, NY County 1985].) As “specially stat[ed]” by the traverser’s counsel in Nottonson v Schierenbeck (156 NYS 661, 662 [App Term, 1st Dept 1915]): “I appear for the defendant for the purpose of objecting to the jurisdiction of the court, on the ground that no service of the summons or process of any kind has been made, and traverse the return herein.”
Dean and legal scholar John Henry Wigmore (1863-1943), whose greatest contribution was A Treatise on the Anglo- *858 American System of Evidence in Trials at Common Law (Wig-more on Evidence), famously described cross-examination as the “greatest legal engine ever invented for the discovery of truth” and “the great and permanent contribution of the Anglo-American system of law to improved methods of trial procedure.” (5 Wigmore, Evidence § 1367, at 32 [Chadbourn rev 1974].) Dean Wigmore’s aforementioned statement has been quoted, to date, in over 700 reported judicial opinions in the United States, including by the Supreme Court of the United States (California v Green, 399 US 149, 158 [1970]) and the New York Court of Appeals (Matter of O’Brien v Commissioner of Educ. of State of N.Y., 4 NY2d 140, 152 [1958], appeal dismissed sub nom. Murphy v Commissioner of Ed. of N. Y., 361 US 117 [1959]).
Wigmore analogized cross-examination as an “engine” for the discovery of the truth. Cross-examination, of course, is not a foolproof device for reconstructing, discovering, and excavating the truth. The engine drives as the witness and attorneys direct. Speed is not what matters, so much as direction. The direction and destination are determined by the steering wheel, which begins with one controller and is handed to the cross-examiner. The ignition to that engine, if Wigmore’s analogy is correct, is the oath.
Describing the oath, the court in United States v Shorter (600 F2d 585, 588 [6th Cir 1979]) stated:
“An ‘Oath or affirmation’ is a formal assertion of, or attestation to, the truth of what has been, or is to be, said. It is designed to ensure that the truth will be told by insuring that the witness or affiant will be impressed with the solemnity and importance of his words. The theory is that those who have been impressed with the moral, religious or legal significance of formally undertaking to tell the truth are more likely to do so than those who have not made such an undertaking or been so impressed.”
It is the oath that confers solemnity on the testimony that follows. The oath or affirmation makes the witness understand that what he or she says is of importance to the court and the factfinder. By asking the witness, during the oath, whether his or her testimony will be the truth, the individual takes moral and legal responsibility for his statements. He or she is transformed from speaker to witness and otherwise bare, unsworn assertions become elevated from conversations to *859 testimony. (See Frazier v Roberts, 441 F2d 1224, 1228 [8th Cir 1971] [“A bare unsworn assertion for which the informing officer takes no moral or legal responsibility is of course not sufficient”]; see also Bon Secours-Maria Manor Nursing Care Ctr., Inc. v Seaman, 959 So 2d 774, 778 [Fla Dist Ct App 2007] [in attorney disqualification hearing, the individual “was never sworn at the hearing. Accordingly, his representations about disputed factual issues did not qualify as testimony”].)
The oath carries the understanding that incorrect statements will expose the witness to embarrassment, ridicule, and humiliation and that false statements, prevarications, and fabrications will subject him or her to a peijury prosecution. The administration of the oath is also vitally valuable to a factfinder as a reminder that an untruthful witness who violates the oath severely undermines his or her credibility and veracity.
The purpose of the traverse hearing is to assess the witness’s credibility (National Union Fire Ins. Co. of Pittsburgh, Pa. v Saunders, 1992 WL 80732, 1992 US Dist LEXIS 4288 [SD NY 1992]), and the court’s determination will not be disturbed on appeal “unless it is against the weight of the credible evidence” (Freud v St. Agnes Cathedral School, 64 AD3d 678, 679 [2d Dept 2009] [affirming the undersigned’s ruling following a hearing to determine the validity of service of process upon the defendant, the Appellate Division stated: “the hearing court’s assessment of a witness’s credibility is entitled to substantial deference”]; McCray v Petrini, 212 AD2d 676 [2d Dept 1995]). Especially since the only “witness” at the traverse hearing was Gonen, the undersigned, as the factfinder, is concerned that he was not sworn. In the present case, there was no oath administered to defendant Gonen, and, since plaintiffs counsel and the process server failed to arrive for the hearing, Gonen was not exposed to cross-examination.
Nothing in the information conveyed by Gonen to the court at the traverse hearing on April 30, 2009 seemed furtive or suspicious as to require a “do-over.” It is the fact that the court is convinced that individuals in American courtrooms who offer “testimony ” as “witnesses” need to be impressed, by oath or affirmation, with the moral and legal responsibility of the statements they attempt to offer to a factfinder who is entrusted with credibility determinations. The oath officially confers responsibility to give testimony that is truthful and confers upon him or her the status of “witness.” The responsibility of the undersigned and of all judges is to seek truth and justice by evaluating the testimony given under oath.
*860 The court hereby vacates, in all respects, its on-the-record determination made at the hearing on April 30, 2009 that the traverse be sustained and the action be dismissed. The court orders that a new traverse hearing be held.
It could be argued that, absent objection by plaintiffs counsel, who did not appear at the hearing, the failure to have defendant David Gonen sworn was waived. (Cf. Collinson v Wier, 91 Misc 501 [Lewis County Ct 1915] [failure to swear a jury may be deemed a mere irregularity and waived if a timely objection is not made].) First, that argument would be simply expedient. It also does not pass muster. The function of credibility rests on a trier of fact, and, in the context of a traverse hearing, that responsibility rests with the undersigned. It should not be up to counsel, by failure to be present at the hearing or to speak out in a timely fashion, to waive an issue that is at the heart of the adversary system: the credibility of a person within the senses, orbit, and realm of the truth.
Second, the failure to swear a witness cannot be dismissed as a mere irregularity which may be waived, such as the failure to swear, for instance: (1) a jury (e.g., Arker v Cohen, 136 App Div 871 [2d Dept 1910]; Collinson, 91 Misc 501 [1915], supra; Cahill v Delaney, 68 NYS 842 [Fulton County Ct 1901]; see also People v Quinones, 18 AD3d 330 [1st Dept 2005], lv denied 5 NY3d 809 [2005] [delayed swearing of the jury in a criminal case held harmless]; People v Morales, 168 AD2d 85 [2d Dept 1991] [same], lv denied 78 NY2d 970 [1991]; but see Fulton v Yuill, 24 Misc 285, 286 [Sullivan County Ct 1898] [reversing judgment for failure to swear the jury, court stated: “Who can say that the jury did not reason with their own conscience and their own private feelings, and say — we are at liberty to do as we see fit, regardless of the law or the fact, so long as we are not under oath”]); (2) an arbitrator (e.g. Day v Hammond, 57 NY 479 [1874]; Matter of Chawki v New York City Dept. of Educ., Manhattan High Schools, Dist. 71, 39 AD3d 321, 324 [1st Dept 2007] , lv denied 9 NY3d 810 [2007]; Box v Costello, 6 Misc 415 [Buffalo Super Ct 1893]); (3) a confidential informant in a warrant application (e.g. United States v Smith, 9 F3d 1007, 1014 [2d Cir 1993] [failure to swear the confidential informant does not undermine the validity of the warrant issued]); or (4) a translator (e.g. People v Bicet, 180 AD2d 692 [2d Dept 1992], lv denied 79 NY2d 1046 [1992]; accord United States v Kramer, 741 F Supp 893 [SD Fla 1990] [no error for failure to swear translators]; Obando v State, 988 So 2d 87 [Fla Dist Ct App 2008] [same]).
*861 Two other New York cases support this court’s conclusion, although they are not directly on point. First, in Matter of Aprile v Lo Grande (89 AD2d 563 [2d Dept 1982], affd for reasons stated below 59 NY2d 886 [1983]), upholding a determination made at a public hearing where the statements were not made under oath, the Appellate Division stated: “A public hearing is not a formal quasi-judicial hearing which requires the swearing of witnesses or cross-examination of them.” (89 AD2d at 565.) The import of the aforementioned, quoted statement from the Aprile decision — upheld by the Court of Appeals on the strength of the Appellate Division’s opinion — is that at a traverse hearing, which is a judicial hearing, witnesses need to be sworn and be subject to cross-examination. The second persuasive case is People v Vasquez (119 Misc 2d 896 [Sup Ct, NY County 1983]), where the court dismissed an indictment because the witness who was questioned by the grand jury was not sworn.
In the present case, Gonen was a purported “witness.” In fact, at the traverse hearing, he was the only “witness” on the key issue of the traverse hearing, whether the process server effectively served the summons with notice upon him and the other defendants.
It was on the strength of sworn statements in defendant David Gonen’s affidavit, sworn to on January 20, 2009, submitted in opposition to the plaintiffs motion for a default judgment that prompted the court to hold a traverse hearing. Moreover, based on Gonen’s statements at the hearing on April 30, 2009, the court concluded that, the traverse should be sustained and the action be dismissed, until the undersigned subsequently realized that Gonen had not been administered the oath and his offered information was thus unsworn. This court, accordingly, is not prepared to sweep under the carpet, expediently, a clear error, lapse, and inadvertence of the administration of an oath to a witness by labels of “waiver” and “mere irregularity.” The error committed here, by inadvertence, needs to be corrected, since the oath is essential to the truth-telling function of our Anglo-American common-law adversary system.
The court has learned that Gonen is expecting to travel or may already be out of the jurisdiction. Regretting the inconvenience caused to Gonen, the court has attempted to learn of his availability and that of plaintiffs counsel for a new traverse *862 hearing. The court schedules the new traverse hearing for April 15, 2010, so that defendants have the opportunity to reenter the jurisdiction for the purpose of offering sworn testimony to the court in the traverse hearing.