Michael Wasserman, Respondent,
against
Joyce Kwiecinski, Appellant.



Appeal from a final judgment of the District Court of Nassau County, First District (Eric Bjorneby, J.), entered February 4, 2014. The final judgment, entered upon tenant's failure to appear or answer, awarded landlord possession in a holdover summary proceeding. The appeal from the final judgment brings up for review an order of the same court dated January 24, 2014 which denied tenant's motion to open her default.




ORDERED that the appeal is dismissed, except insofar as it brings up for review the order dated January 24, 2014; and it is further,
ORDERED that the final judgment, insofar as reviewed, is affirmed, without costs. 
Upon tenant's failure to appear or answer in this holdover proceeding, the District Court awarded landlord possession. Thereafter, tenant moved to open her default, arguing that she had not been served with a notice to cure. The motion was opposed by landlord. The court ordered a traverse hearing, following which, by order dated January 24, 2014, the court denied tenant's motion. A default final judgment awarding landlord possession was subsequently entered on February 4, 2014. Tenant appeals from the default final judgment. 
When, as in the case at bar, the judgment appealed from was made upon the appellant's default, review is limited to "matters which were the subject of contest" (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see also Matter of Xiao-Lan Ma v Washington, 127 AD3d 982 [2015]; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908 [2013]). Therefore, our review of the default final judgment herein is limited to the order dated January 24, 2014, which denied tenant's motion to open her default. 
Inasmuch as tenant's motion papers raised no issue relating to the service of the notice of petition and petition, the District Court should not have ordered a traverse hearing, which is used solely to determine whether the court obtained jurisdiction over the party allegedly served (see generally David v Fuchs, 204 AD2d 253 [1994]; Barnaby v Coreman, Inc., 25 Misc 3d 855 [Sup Ct, Queens County 2009]). While tenant's argument concerning the alleged failure to serve her with a notice to cure may present a defense to the proceeding, it does not constitute a jurisdictional defense (see e.g. 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]; Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Cassis Family Ltd. Partnership v Elsayed, 22 Misc 3d 77 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), and tenant has otherwise failed to provide a reasonable excuse for her failure to appear and answer. Consequently, tenant's motion was [*2]properly denied (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). 
Tenant's remaining contentions are not properly before this court. 
Accordingly, the final judgment, insofar as reviewed, is affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: January 20, 2017